WILLIAM H. McTWIGGAN *et al. vs.* GEORGE F. HUNTER, Collector of Taxes of the Town of East Providence, *et al.*

Proceedings for the assessment of a tax are *quasi* judicial. Hence, the notice which Pub. Stat. R. I. cap. 43, § 6, requires the assessors of taxes to give before assessing a tax is essential to the validity of an assessment, the statutory requirement being mandatory.

Where the assessors of taxes intentionally omit from the list of ratable property in the town property liable to taxation there, and wilfully neglect to assess such property, the whole assessment is illegal, being contrary to Art. I. § 2, of

the Constitution of R. I., which declares that the public burdens ought to be fairly distributed.

Equity will enjoin the collection of a tax on a bill brought by one or more tax-payers, in behalf of all the taxpayers, where the question involved is the validity of the whole tax, and its assessment on every person taxed, since the rights of all persons interested may be settled by the decree in one proceeding and a multiplicity of suits avoided.

BILL IN EQUITY to enjoin the collection of a town tax. On demurrer.

The complainants as taxpayers of the town of East Providence, sue in behalf of themselves and all others who have a common interest in the subject matter and event of the suit.

*January* 24, 1895. MATTESON, C. J. This is a bill to enjoin the collection of a tax. It alleges that the assessors gave no notice of the time and place of their meeting to make the assessment by posting notices in three public places in the town for three weeks next preceding the time of meeting and by advertising the same in some public newspaper published in the town for the same space of time, but that, on the contrary, the assessors before assessing the tax wholly failed to give such notice of the time and place of their meeting. This is an allegation that the assessors did not comply with the requirement of Pub. Stat. R. I. cap. 43, § 6. Proceedings for the assessment of a tax are *quasi* judicial. Hence, notice is essential to give validity to an assessment, and the statutory requirement as to notice is to be regarded as mandatory. Cooley on Taxation, 2d ed. pp. 285–288, 363–366, and cases cited.

The bill also alleges that in the assessment the assessors intentionally omitted from the list of ratable property in the town, assessed by them, the property of the Grosvenordale Company, that corporation at the time of the assessment and prior thereto owning valuable property in the town subject to and liable to taxation; and that the assessors, though well knowing these facts, wilfully and intentionally neglected to assess the property, and wilfully, intentionally and illegally exempted the corporation from the tax and assessment. Taking this allegation to be true, as on demurrer we must, we are of the opinion that the assessment was clearly illegal;

for, as argued by the complainants, if the assessors may omit from the assessment and thereby exempt the property of one individual or corporation from the tax, they may another, and so on until half of the ratable property in the town is exempted from taxation, and may thereby subject the other half to the whole burden of taxation for the public needs. This would clearly be contrary to the constitutional provision that the public burdens ought to be fairly distributed. Constitution of R. I. Art. I. § 2. It is urged that the vote of the town under which the assessment was made was that a tax at a certain rate be levied on the ratable property in the town, and, consequently, that the complainants are not injured because the present assessment on their property is no greater by reason of the exemption of the property of the Grosvenordale Company. Though this may be true of the assessment for the present year, if a portion of the ratable property in the town is exempted from taxation, the burden must necessarily fall more heavily on the other ratable property in the town for the next and subsequent years.

The point is taken that the demurrer should be sustained because the complainants have an adequate remedy at law. While it is true that equity will not enjoin the collection of a tax at the suit of an individual taxpayer on the ground of illegality when the illegality affects him alone, but will leave him to his remedy at law, *Greene* v. *Mumford*, 5 R. I. 472, yet when the illegality extends to the whole tax so that the question involved is the validity of the whole tax and its assessment on every person taxed, equity may properly take jurisdiction at the suit of one or more taxpayers suing in behalf of all the taxpayers as well as in his or their own behalf, since the rights of all persons interested may be more conveniently and speedily determined by its decree in one suit than by leaving them to work out their rights by individual suits, and a multiplicity of suits will thereby be avoided. To this effect is a dictum in *Sherman* v. *Binford*, 10 R. I. 559, and the doctrine is supported by a preponderance of authority. The question is so ably and exhaustively discussed by Judge Green in *Williams* v. *County Court of Grant Co.*, 26 W.

Va. 488, in which the conflicting cases are collected and reviewed, that further citation of authority seems superfluous.

The demurrer is overruled.

*Edward D. Bassett & Edward L. Mitchell*, for complainants.

*Stephen A. Cooke, Louis L. Angell & Edwin P. Allen*, for respondents.