**Supreme Court**

No. 2013-200-Appeal.
(PC 12-5087)

Ernest Barone                 :

v.                  :

State of Rhode Island et al.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ernest Barone                              :

v.                                          :

State of Rhode Island et al.               :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, Ernest Barone, appeals pro se to this Court from an order of the Superior Court granting a motion to dismiss filed by the defendants, the State of Rhode Island and the Rhode Island Division of Taxation.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.  For the reasons set forth in this opinion, we affirm the order of the Superior Court.

**I**

**Facts and Travel**

On October 2, 2012, plaintiff filed a complaint pro se in the Superior Court seeking "declaratory, injunctive, [and] equitable relief and reimbursement of sales taxes imposed and collected by the State of Rhode Island, Division of Taxation on motor vehicle property taxes collected from citizens * * * who lease rather than own their motor vehicles."  In that complaint,

- 1 -

plaintiff challenged the constitutionality of G.L. 1956 § 44-18-12(a); in another count, plaintiff also brought a statutory claim, arguing that lessees of motor vehicles are "entitled to a refund of sales taxes paid on excise taxes because the property tax and sales taxes thereon are separately stated in both the Lease Agreement and the monthly billing statements of the Lessor, and consequently fall within the exception to the definition of '[s]ales [p]rice' contained in * * * §[]44-18-12(b)(iv)." (Emphasis in original.) It was further plaintiff's contention that he was a member of a class, which class he argued met the requirements necessary to certify his complaint as a class action.

As alleged in plaintiff's complaint, this case stems from a September 5, 2009 agreement in which plaintiff agreed to lease a motor vehicle from a company called "Nissan of Smithfield." On the basis of monthly lease statements that plaintiff received from "Nissan Motor Acceptance Corporation," he learned that he had been charged "separately * * * for property tax on the leased vehicle and an additional seven (7) percent sales tax charged on that amount * * * ." Subsequently, plaintiff filed a claim for a refund with the Division of Taxation in the amount of the sales tax that he had paid on the property tax assessed on his leased vehicle. In due course, on September 5, 2012, the tax administrator rendered a final decision denying plaintiff's claim. The plaintiff thereafter filed an appeal pursuant to G.L. 1956 § 44-19-18 and § 44-19-25 to the Sixth Division District Court contemporaneously with his filing of the complaint in the present action in Superior Court.

In plaintiff's Superior Court complaint, he contended that he had pursued administrative remedies as required by law. He added, however, that he deemed judicial review pursuant to §§ 44-19-18; 44-19-19; 44-19-25 to be inadequate for two reasons:

> "(1) the District Court does not have jurisdiction to enter declaratory, injunctive, equitable relief or damages pursuant to

**R.I.G.L. §[]9-30-1 et seq.**[; and] (2) the District Court does not have the equitable power to certify a class under the **District Court Rules of Civil Procedure**, Rule 23 whereas the Superior Court does have the power to certify a class under the **Superior Court Rules of Civil Procedure, Rule 23**." (Emphasis in original.)

Subsequently, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Superior Court Rules of Civil Procedure, arguing that the Superior Court lacked subject matter jurisdiction because the District Court has exclusive jurisdiction over "tax matters." Owner-Operators Independent Drivers Association of America v. State, 541 A.2d 69, 73 (R.I. 1988). The defendants cited this Court's opinion in Owner-Operators, 541 A.2d at 73, as being dispositive of the instant case; and they requested that the Superior Court dismiss plaintiff's complaint and "allow[]" the then-pending appeal in the District Court to proceed. The plaintiff filed an objection to defendants' motion to dismiss, and he reiterated that he was seeking declaratory relief and class certification and that only the Superior Court had jurisdiction with respect to same.

On January 29, 2013, a hearing was held before a justice of the Superior Court. At that hearing, plaintiff stated that the only issue before the court was "whether or not the [c]ourt has subject matter jurisdiction, not whether or not the [proposed] class is certifiable."[1] After the parties presented their arguments, the hearing justice concluded as follows:

> "[A]s in Owner[]-Operators, the gravamen of this case is a case of tax and * * * the District Court has exclusive jurisdiction over that, and * * * not only does it have exclusive jurisdiction, the Supreme Court has clearly stated that the District Court can entertain both

---

[1] Based on plaintiff's representation at the January 29, 2013 hearing that his argument with respect to class certification (i.e., that the Superior Court had subject matter jurisdiction over his claims because the District Court could not certify a class) was not before the court, we need say no more about that issue. See Grady v. Narragansett Electric Co., 962 A.2d 34, 41-42 n. 4 (R.I. 2009) (referencing "our usual policy of not opining with respect to issues about which we need not opine").

an equitable claim related to that case as well as a constitutional claim."

Accordingly, the hearing justice granted defendants' motion to dismiss. The plaintiff filed a timely notice of appeal to this Court.

On appeal, plaintiff posits that the following issues are before this Court: (1) "whether [he] has an adequate remedy at law in District Court;" (2) "whether the Superior Court has subject matter jurisdiction to hear the case;" and (3) whether the doctrines set forth in Pollard v. Acer Group, 870 A.2d 429 (R.I. 2005), Johnston Businessmen's Association v. aaRussillo, 108 R.I. 257, 274 A.2d 433 (1971), and McTwiggan v. Hunter, 18 R.I. 776, 30 A. 962 (1895), "supersede" this Court's holding in Owner-Operators. It is plaintiff's contention that his remedy in the District Court is inadequate because, in his view, "the District Court can, at most, grant reimbursement of the sales tax to the plaintiff and other taxpayers who may have sought relief * * * whereas * * * if the tax is found to be unconstitutional and illegal [by the Superior Court], every individual who paid the tax would be entitled to reimbursement whether or not he filed an administrative claim for reimbursement."

**II**

**Standard of Review**

It is a fundamental principle that subject matter jurisdiction is "an indispensable requisite in any judicial proceeding," as it represents "the very essence of the court's power to hear and decide a case." Long v. Dell, Inc., 984 A.2d 1074, 1079 (R.I. 2009) (internal quotation marks omitted); see Newman v. Valleywood Associates, Inc., 874 A.2d 1286, 1288 (R.I. 2005). As such, we have consistently stated that "a claim of lack of subject matter jurisdiction may be raised at any time." Pollard, 870 A.2d at 433. This Court reviews in a de novo manner the issue

of whether a court has subject matter jurisdiction over a particular controversy. Boyer v. Bedrosian, 57 A.3d 259, 270 (R.I. 2012); Long, 984 A.2d at 1078.

## III

### Analysis

The sole issue before us is whether the hearing justice erred in concluding that the Superior Court lacked subject matter jurisdiction to adjudicate plaintiff's claims for: (1) reimbursement of an automotive sales tax; and (2) declaratory and injunctive relief. The resolution of that issue requires us first to briefly review the relevant statutory scheme.

In his complaint, plaintiff challenged the applicability of § 44-18-12 on both constitutional and statutory grounds in the wake of the tax administrator's denial of his claim for a refund. Chapter 19 of title 44 (which chapter is entitled "Sales and Use Taxes–Enforcement and Collection") expressly provides a procedure for the appeal of decisions by the tax administrator; § 44-19-25 clearly reads in pertinent as follows:

> "[I]f the taxpayer is aggrieved by the decision of the tax administrator, the taxpayer may petition the sixth (6th) division of the district court for relief from the decision of the tax administrator." See also § 44-19-18 (stating that "[a]ppeals from * * * decisions made pursuant to any provisions of this chapter are to the sixth (6th) division district court pursuant to chapter 8 of title 8").

With respect to such an appeal to the District Court, G.L. 1956 § 8-8-24 further specifies that "[e]ach appeal of a final decision of the tax administrator * * * shall be an original, independent proceeding in the nature of a suit in equity to set aside the final decision * * * ." Finally, we note that § 8-8-3(a)(6) provides that "[t]he district court shall have exclusive original jurisdiction of * * * [a]ll * * * actions, proceedings, and matters of whatever nature which are or shall be declared to be within the jurisdiction of the court by the laws of the state."

Based on these statutory provisions, it is clear to us in the instant case, just as it was clear to us in 1988 when we issued our unanimous opinion in Owner-Operators, that the General Assembly has conferred upon the District Court exclusive jurisdiction over "tax matters," in addition to the authority to adjudicate "all claims for relief attached to the underlying matter." Owner-Operators, 541 A.2d at 73 (stating that "the proper forum for judicial review of rulings by the tax administrator is clearly in the District Court" and further stating that, "[s]ince the District Court retains exclusive jurisdiction over tax disputes, it is necessary that the District Court retain power to decide all claims for relief attached to the underlying matter").

In Owner-Operators, the plaintiffs "filed a class-action complaint" in Superior Court seeking a tax refund as well as a declaratory judgment to the effect that a certain tax statute was unconstitutional; the plaintiffs also sought injunctive relief. Id. at 70. We determined that the "gravamen" of the plaintiffs' complaint was a "tax matter." Id. at 72. On the basis of that determination, we stated that we considered ourselves "bound by the Legislature's mandate that provides that tax disputes are within the statutory scheme that vests exclusive jurisdiction of this particular subject matter in the District Court." Id. at 73. Significantly, we then proceeded to state that, based on our reading of the relevant statutory scheme,[2] the General Assembly, "by vesting the District Court with exclusive jurisdiction over tax matters, implied that the District Court is empowered to administer full relief, including adjudication of challenges to the

---

[2] Although the Court, in reaching its holding in Owner-Operators Independent Drivers Association of America v. State, 541 A.2d 69, 73 (R.I. 1988), relied in part on the language of G.L. 1956 § 42-35-15 (the section of the Administrative Procedures Act entitled "Judicial review of contested cases"), it is clear that the Court's determination in that case would have been the same had it evaluated the plaintiffs' contention under G.L. 1956 § 44-19-18, which provides for judicial review by the District Court of determinations by the tax administrator with respect to sales and use taxes. See Herald Press, Inc. v. Norberg, 122 R.I. 264, 271, 405 A.2d 1171, 1176 (1979) (noting that the "procedures and standards of review contained in § 42-35-15[] were clearly intended to be incorporated into the provisions of § 44-19-18").

constitutionality of tax statutes and claims for equitable relief that relate to tax disputes." Id. It was our opinion that, "[t]o allow claims for tax refunds to be removed from the District Court because a claim for equitable relief is included would effectually permit the circumvention of the statutory system that exists for resolution of tax disputes." Id. at 74. In so holding, we intended to "advance the Legislature's objectives of judicial economy, fairness to litigants, and the elimination of duplicative proceedings." Id. at 73.

The plaintiff's contention that our holding in Owner-Operators has somehow been "supersede[d]" by our holdings in Pollard, 870 A.2d at 433-34, Johnston Businessmen's Association, 108 R.I. at 260-61, 274 A.2d at 435-36, and McTwiggan, 18 R.I. at 778-79, 30 A. at 963, is meritless. The cases of Johnston Businessmen's Association and McTwiggan predate Owner-Operators and were decided before the General Assembly granted the District Court exclusive jurisdiction over "tax matters" in 1984. See Old Colony Bank v. Clark, 517 A.2d 249, 250 (R.I. 1986). Therefore, those two cases are not relevant to our analysis. Although Pollard was decided after Owner-Operators, that decision addressed the issue of whether or not a certain constitutional argument had been waived—not the issue of subject matter jurisdiction over tax disputes. Pollard, 870 A.2d at 433-34. Furthermore, it is worth noting that we have since reiterated our holding in Owner-Operators, 541 A.2d at 73, that the District Court has exclusive jurisdiction over "tax matters" and all related claims—viz., in the more recently decided case of Long v. Dell, Inc., 984 A.2d 1074, 1080 (R.I. 2009).[3] It is clear, therefore, that Owner-Operators is still good law, and it is our judgment that our holding therein is wholly dispositive of the issue before us. See Owner-Operators, 541 A.2d at 72.

---

[3] Although the Court in Long v. Dell, Inc., 984 A.2d 1074 (R.I. 2009), distinguished Owner-Operators on the basis of the causes of action that were at issue in Long, it nonetheless paraphrased with approval the holding in Owner-Operators. Long, 984 A.2d at 1080.

The case of <u>Owner-Operators</u> involved an analogous set of circumstances to those that the instant action involves; and, it is our opinion, as it was in <u>Owner-Operators</u>, that the "gravamen"[4] of the claim at issue is clearly a tax dispute. <u>See</u> <u>id.</u> at 70, 72. Therefore, the appropriate judicial forum for resolution of the plaintiff's claim is the District Court. <u>See</u> <u>Long</u>, 984 A.2d at 1080 ("The crucial teaching that we glean from [the] holding [in <u>Owner-Operators</u>] is: what is the gravamen of the claim? If the complaint raises an issue of taxation by a governmental body, then it should follow the administrative procedures laid out by the General Assembly and appeal to the District Court."). In light of the District Court's "power to decide all claims for relief attached to the underlying matter," we fail to perceive any merit in the plaintiff's claim that his remedy at law is inadequate. <u>Owner-Operators</u>, 541 A.2d at 73. Accordingly, we affirm the Superior Court's dismissal of the plaintiff's complaint for lack of subject matter jurisdiction.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court. The record in this case may be remanded to that tribunal.

---

[4] The word "gravamen" is used almost exclusively in legal writing. It is defined as meaning: "The main claim or most important aspect of a complaint against a defendant." The American Heritage Dictionary of the English Language 767 (5th ed. 2011).



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**          Ernest Barone v. State of Rhode Island et al.

**CASE NO:**               No. 2013-200-Appeal.
                           (PC 12-5087)

**COURT:**                 Supreme Court

**DATE OPINION FILED:**    June 27, 2014

**JUSTICES:**              Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**            Associate Justice William P. Robinson

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                           Associate Justice Luis M. Matos

**ATTORNEYS ON APPEAL:**

                           For Plaintiff:  Ernest Barone, Esq., Pro Se

                           For Defendants:  Maria R. Corvese, Esq.