Justice ROBINSON,
concurring in part and dissenting in part.
I am pleased to concur in the opinion of the majority to the extent that it holds that the trial justice did not abuse his discretion in admitting evidence of the defendant’s resisting arrest as constituting evidence of the defendant’s agitated state of mind at the time of the alleged assault. In view of the very close temporal connection between the alleged simple domestic assault and the act of resisting arrest, the trial justice did not abuse his discretion in admitting the evidence for this limited purpose. However, I respectfully disassociate myself entirely from the majority’s statement that the defendant’s act of resisting arrest is “indicative of his consciousness of guilt” and its suggestion that consciousness of guilt and state of mind are largely indistinguishable concepts.
In the first place, I am both mystified and troubled by the choice of the majority to address an issue that is entirely unnecessary to reach — viz., the issue of consciousness of guilt. Significantly, there was no discussion provided by the parties to support any contention that defendant’s act of resisting arrest should have been admitted as evidence of his consciousness of guilt. Moreover, although the trial justice admitted evidence of defendant’s resisting arrest, he did so with an appropriately focused instruction, which simply directed the jury to consider the resistance as revealing defendant’s state of mind at the time of the alleged offense; the trial justice made no mention of consciousness of guilt. The trial justice’s instruction deftly and correctly straddled the competing interests at hand — allowing the prosecution to present its case in an understandable way, while simultaneously cautioning the jury not to draw improper and unjust inferences. As a result of that instruction, the jury had ample information upon which to reach a verdict without the necessity of considering whether the act of resisting arrest was somehow indicative of defendant’s consciousness of guilt. By unnecessarily addressing the issue of consciousness of guilt, the majority has disregarded our strong and oft articulated policy favoring judicial restraint. See, e.g., Grady v. Narragansett Electric Co., 962 A.2d 34, 42 n. 4 (R.I.2009) (explicitly adhering to “our usual policy of not opining with respect to issues about which we need not opine”);[1] Barone v. State, 93 A.3d 938, 939 n. 1 (R.I.2014); State v. Keenan, 68 A.3d 588, 594 (R.I.2013). It is especially' disconcerting to me that the majority chooses to address this issue — which was *158 not the basis of admission of the evidence in Superior Court according to the trial justice’s instruction — after expressly stating in its opinion that “this Court has not had the occasion to address whether evidence of resisting arrest is indicative of consciousness of guilt * *
It is even more distressing that, in its entirely unnecessary discussion of consciousness of guilt, the majority seems to suggest that state of mind and consciousness of guilt are close to being synonymous. Unquestionably, when a person takes an action prompted by his or her consciousness of guilt, that consciousness of guilt can rightly be said to be part of that person’s state of mind. See State v. Santos, 122 R.I. 799, 821, 413 A.2d 58, 70 (1980). But state of mind is a broad and generic umbrella covering many different mental stances in addition to consciousness of guilt — including, simply by way of brief example, fear, jealousy, malice, or agitation. Moreover, a person resisting arrest could be in one of many different states of mind at the moment when he or she resists arrest. It is self-evident to me that, as a precondition to admissibility, there must be evidence from which a jury could infer that the state of mind of the person resisting arrest was consciousness of guilt and not one of the other myriad possible states of mind'.
Although I feel strongly that the majority has rushed in unnecessarily and imprudently in reaching the issue, in view of the fact that the majority has now opined that the act of resisting arrest is indicative of a consciousness of guilt in the instant case and not simply of an agitated state of mind, I feel compelled to forcefully state that the facts of this case do not lead me to draw the same conclusion. I am not even remotely persuaded by the majority’s argument, which in a conclusory manner treats the act of resisting arrest as the equivalent of fleeing from a crime scene. In reaching its conclusion, the majority cites two cases from jurisdictions that have addressed the issue, neither of which do I find convincing — viz., State v. Williams, 190 N.J. 114, 919 A.2d 90 (2007), and People v. Sustak, 15 Ill.2d 115, 153 N.E.2d 849 (1958). After thoroughly reviewing these cases, I am not at all persuaded that the act of resisting arrest as occurred in the instant case is indicative of consciousness of guilt. First, the defendant in Williams, 919 A.2d at 99, engaged in a cover-up after a shooting in which he was involved; the Supreme Court of New Jersey held that evidence of that cover-up was admissible to show a consciousness of guilt. In the 'instant case, however, without meaningful analysis, the majority treats defendant’s act of resisting arrest as somehow being factually similar to the cover-up in Williams and thereby deserving of the same evidentiary treatment. In Sustak, 153 N.E.2d at 854, the Supreme Court of Illinois admitted evidence of resisting arrest as being indicative of consciousness of guilt, but it failed to provide a meaningful explanation as to why the act of resisting arrest was actually demonstrative of that mental state. There are myriad reasons, which the majority in the instant case does not acknowledge, and which Sustak, 153 N.E.2d at 854, does not discuss, that could inform a particular defendant’s resisting arrest, including that a defendant simply felt he was being unjustly arrested or because he harbored a deep and long-standing dislike for police officers in general. Therefore, in my view, Williams and Sus-tak are not instructive in the instant case.
After long and careful perusal of the record, I can find no basis therein for the majority’s inference that defendant resisted arrest because he was conscious of his own guilt. Nor have we ever opined that resistance to arrest alone is sufficient to be indicative of consciousness of guilt. It is *159 clear to me that a person may resist arrest for a variety of reasons unrelated to consciousness of guilt.
The majority cites to this Court’s opinion in State v. Palmer, 962 A.2d 758 (R.I.2009), to support its contention that resistance to arrest is admissible as evidence of consciousness of guilt in the instant case.[2] Specifically, it points to the following language in Palmer, which is actually a quotation from a treatise on the law of evidence:
“It is universally conceded today that the fact of an accused’s flight * * *, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.” Id. at 769 (quoting 2 John H. Wigmore, Evidence in Trials at Common Law. § 276 at 122 (Chadbourn rev. 1979)).
I do not believe that my position is inconsistent with what this Court said in Palmer. The quoted language does not state that resistance to arrest, by itself, is evidence of consciousness of guilt. I readily acknowledge that resistance to arrest coupled with flight or concealment or such related conduct might, in a different case, be sufficient to be admitted to show that a defendant was conscious of his or her guilt. However, such facts are strikingly absent from the case at bar.
What the evidence in the record in this case does disclose is that defendant was in an agitated state of mind[3] while he was engaged in very actively resisting arrest just a very few minutes after the confrontation with his child’s mother.' I perceive no abuse of discretion in the trial justice’s allowance of evidence of defendant’s having resisted arrest in the agitated manner that was testified to — from which evidence the jury could infer that he was in the same agitated state of mind at the time of the temporally proximate alleged simple assault for which he was on trial. Indeed, it is clear to me that the only logical and proper inference the jury could have reached from defendant’s actions was that he was in an agitated state of mind, not that he was conscious of his guilt.
For the foregoing reasons, I concur in the judgment of the majority with respect to the defendant’s resisting arrest being admissible to show his agitated state of mind, but I respectfully, yet very vigorously, dissent from every jot and tittle of the majority’s discussion of consciousness of guilt.

. That "usual policy” of ours is consistent with the following jurisprudentially sage observation of the United States Court of Appeals for the First Circuit: "Discretion is often the better part of valor, and courts should not rush to decide unsettled legal issues that can easily be avoided.” United States v. Gonzalez, 736 F.3d 40, 40 (1st Cir.2013).

. It should be borne in mind that the behavior of the defendant that was at issue in this Court’s evidentiary discussion in State v. Palmer, 962 A.2d 758, 768-69 (R.I.2009), was his engaging in flight and concealment.

. I note that the majority specifically recognizes that “[wjhen the officers first made contact with defendant, they were confronted with an agitated individual.” I have been unable to find in the record any evidentiary basis for a conclusion that defendant's agitated state of mind and resistance to arrest are, as the majority states, "indicative of his consciousness of guilt.”