Michael Pascale *vs.* John F. Capaldi *et al.*

FEBRUARY 25, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a declaratory judgment under G. L. 1956, title 9, chap. 30, the uniform declaratory judgments act. The respondent John F. Capaldi is the director of public works of the state. The cause is before us upon the petitioner's appeal from a decree of the superior court denying and dismissing his prayers for declaratory relief.

It appears from the record that the state, by its officials or designees, was charging fees to the general public for the privilege of parking motor vehicles upon certain public lands, namely, at the state beach in Misquamicut, at the state airport at Hillsgrove in the city of Warwick, and on a portion of land located on the westerly side of the Provi-

dence River in the city of Providence under and adjacent to the freeway called the Providence River Bridge. The state charged fees for parking at the state beach in Misquamicut. The parking concession at the state airport was operated by a private corporation under license by the state. The state leased the westerly side of the Providence River Bridge land to a realty company, which in turn operated a parking facility.

The petitioner alleges that as a citizen of this state he is entitled to use the aforesaid parking facilities without the payment of any fees; that there is no statutory authority to impose and exact fees for parking; that any rule or regulation promulgated by the director of the department of public works and his subordinates under any purported general grant of authority is in derogation of article III of the constitution of this state by reason of the absence of any standards, criteria or limitations in said general grant of authority; and that therefore any such rule or regulation is invalid.

The petitioner further alleges that his legal relations are affected by the action of respondents in that he fears arrest by subordinates of the respondents under G. L. 1956, §§32-1-6, 32-2-12, 32-2-13, 11-45-1, or under any disorderly conduct ordinance in effect in the town of Westerly or the cities of Warwick and Providence if he attempts to use such parking facilities without paying a parking fee. The petition prays that the superior court "declare his legal relations with respect to the premises * * *."

The justice of the superior court who heard the case entered a decree denying and dismissing the petition. It appears from the transcript that he based his action on the insufficiency of the record. He stated that he would not grant the prayers of the petition "without the matter being more correctly presented." The petitioner contends under his reasons of appeal that the decree entered by the superior court is against the law.

In our opinion the trial justice did not err. In the posture of this case it is not necessary to consider the reasons on which he based the decree. In his brief petitioner concedes that he has no political, civil, or property right in the free use of public facilities. There is nothing in the record indicating that he has any interest peculiar to himself and distinct from that of the general public. No private rights of the petitioner are affected by the action complained of by him. In the circumstances petitioner was not qualified to bring a taxpayer's suit.

The issue raised by the petitioner involves a public question and public rights. This is in effect a taxpayer's suit. In our opinion the legislature did not intend that a petition under the uniform declaratory judgments act was to take the place of a taxpayer's suit and, therefore, the superior court had no jurisdiction under the act to grant the petitioner's prayers.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for respondents.