OWNER–OPERATORS INDEPENDENT
DRIVERS ASSOCIATION OF
AMERICA et al.

v.

STATE of Rhode Island et al.

No. 86–166 Appeal.

Supreme Court of Rhode Island.

April 27, 1988.

Anthony F. Muri, Barbara S. Cohen, Goldenberg & Muri, Providence, for plaintiffs.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., Marcia McGair Ippolito, Chief Legal Officer, Div. of Taxation, for defendants.

## OPINION

MURRAY, Justice.

This is an appeal by the plaintiffs from a Superior Court judgment granting the defendants' motion to dismiss for lack of subject matter jurisdiction. We affirm the judgment below.

On December 20, 1985, Owner-Operators Independent Drivers Association of America (O–OIDAA), a Missouri corporation, and James E. Seibert, doing business as Siebert Farms (Siebert), an unincorporated motor carrier with a principal place of business in Story City, Iowa, filed a class-action complaint in Providence County Superior Court against defendants State of Rhode Island; the Rhode Island Division of Taxation; R. Gary Clark, Tax Administrator for the State of Rhode Island; and Roger Begin, General Treasurer for the State of Rhode Island. The plaintiffs alleged that a fuel-decal-fee statute[1] applied to vehicles registered in other states violated the commerce and privileges and immunities clauses of the United States Constitution. The plaintiffs' complaint sought tax refunds of the fuel fees, a declaratory judgment declaring G.L. 1956 (1982 Reenactment) § 31–36.1–3, as amended by P.L. 1982, ch. 307, § 1, unconstitutional, and a permanent injunction enjoining defendants from collecting fuel-decal fees. In addition plaintiffs claimed relief under 42 U.S.C.A. § 1983 (1981) and sought attorneys' fees and costs.

On January 10, 1986 and January 13, 1986, defendants filed motions to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Superior Court Rules of Civil Procedure and for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6). The defendants moved to dismiss plaintiffs' complaint on the grounds that (1) plaintiffs failed to exhaust administrative remedies by filing a refund claim with the tax administrator and (2) the District Court, not the Superior Court, had jurisdiction over the suit as provided by statute.

On January 24, 1986, subsequent to the filing of defendants' motion to dismiss but prior to a hearing on the motion, plaintiffs requested a refund from the tax administrator for fuel-decal fees paid in April and October 1985. The plaintiffs also claimed refunds for all other similarly situated motor carriers who had paid fuel-decal fees. The plaintiffs acknowledged that the refund claims were made to satisfy any procedural requirements and to give the tax administrator a full opportunity to address their constitutional objections to the decal fee. In response the tax administrator characterized plaintiffs' letter as a request for an administrative hearing on the denial of a claim for a refund. The tax administrator informed plaintiffs that rules of administrative hearing procedures do not provide for a class-action type of proceeding; therefore, the request on behalf of other similarly situated motor carriers would not be addressed.

Thereafter on February 18, 1986, a hearing on the motion to dismiss was held. The Superior Court justice noted that the Legislature provided a procedure for a review of procedural appeals in the Division of Taxation. He added that the Legislature took the procedural review "out of the jurisdictional bailiwick of the Superior Court and put it in the District Court." He stated that the threshold question was whether plaintiffs were in the proper forum, notwithstanding the fact that the ultimate relief sought could not be granted by the District Court. In granting defendants' motion to dismiss, the justice stated:

"I have to adhere to the exhaustion of remedies position because of my understanding of my limitations in my jurisdiction, and I cannot embrace [plaintiffs']

---

1. General Laws 1956 (1982 Reenactment) § 31–36.1–3(a), as amended by P.L. 1982, ch. 307, § 1, provides in pertinent part:

"Each carrier shall apply to the administrator for a motor carrier fuel license upon forms approved by the administrator and shall upon application pay a license fee of ten dollars ($10.00). * * * One such device must be displayed on the left side of each covered motor vehicle. Covered vehicles having valid Rhode Island registration plates are exempted from having a device as hereinbefore provided. The fee for each such identification device shall be ten dollars ($10.00)."

argument that I can supercede the action of the Legislature and take this case prior to the time that there has been a determination by the Tax Administrator, and then on appeal to the Superior Court—strike that—to the District Court, which is provided by statute."

The plaintiffs contend that the Superior Court justice erred in ruling that (1) the District Court has exclusive jurisdiction over plaintiffs' claims for relief, (2) plaintiffs were required to exhaust administrative remedies, and (3) the court lacked jurisdiction over plaintiffs' class action complaint. We do not agree with plaintiffs' contentions.

Prior to reaching the substantive issues set forth above, we note a procedural oversight. The plaintiffs' aver, inter alia, that § 31–36.1–3 is unconstitutional. General Laws 1956 (1985 Reenactment) § 9–30–11 provides in part, "In any proceeding which involves the validity of a * * * statute * * * alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard." The record was devoid of documentation to prove that the Office of the Attorney General was served in compliance with § 9–30–11. We have previously stated that rules relating to service of process must be followed and construed strictly. *Brown v. Samiagio*, 521 A.2d 119, 121 (R.I. 1987). However, after vigorous inquiry at oral argument plaintiffs' produced documentation of a certificate of service, and in addition counsel from the attorney general's office acknowledged that an attorney had made an appearance at the proceedings below on behalf of the attorney general's office. The appearance by the assistant attorney general was made within the period that an answer was due in response to plaintiffs' complaint. The attorney general has failed to raise the aforementioned issue. Thus, nothing we say shall be construed to disturb our holding in *Brown*. It is imperative that parties with a necessary interest

be apprised of an impending action in order to be afforded an opportunity to present objections. We are satisfied that the procedural objectives were effectuated.

The plaintiffs challenge the constitutionality of § 31–36.1–3, which imposes a fuel-decal fee on vehicles registered in other states. However, the language in the statute excepting vehicles registered in Rhode Island has been excised, thus rendering the underlying claim moot.[2] Turning to the central issue presented in this case, we must decide what court is jurisdictive of this suit. The initial determination requires that we characterize plaintiffs' claim in the context of subject matter. The plaintiffs designate their claim as a constitutional challenge to the validity of a statute and, in addition, seek equitable relief. That being so, plaintiffs, relying on G. L. 1956 (1985 Reenactment) § 8–2–13, conclude that the Superior Court is the proper forum in which to litigate their claim. Section 8–2–13 provides in pertinent part:

"[t]he superior court shall, except as otherwise provided by law, have exclusive original jurisdiction of suits and proceedings of an equitable character and of statutory proceedings following the course of equity. If an action is brought in the superior court which represents an attempt in good faith to invoke the jurisdiction conferred by this section, the superior court shall have jurisdiction of all other actions arising out of the same transaction or occurrence * * *."

Therefore, plaintiffs submit that since the claim is primarily of an equitable character, the Superior Court has exclusive jurisdiction.

To the contrary, defendants characterize plaintiffs' claim primarily as a tax matter in which tax refunds are sought and incidental claims for declaratory and injunctive relief are appended. Thus defendants submit that jurisdiction is otherwise provided by law and resides in the District Court. The defendants set forth the prescribed

**2.** On June 22, 1987, the Rhode Island Legislature enacted P.L. 1987, ch. 118, art. 18, § 1. The following language was excised from § 31–36.1–3:

"Covered vehicles having valid Rhode Island registration plates are exempted from having a device as hereinbefore provided."

procedural course for claimants that seek tax refunds and challenge state tax laws. Initially, claimants must commence proceedings at the administrative level in accordance with G.L. 1956 (1984 Reenactment) chapter 35 of title 42, the Administrative Procedures Act. The appellate process of review available to aggrieved individuals subsequent to administrative decisions is set forth in § 8-8-24. That section provides, "Each appeal of a final decision of the tax administrator concerning an assessment, deficiency or otherwise shall be an original, independent proceeding in the nature of a suit in equity to set aside such final decision and shall be tried de novo and without a jury." In addition, defendants assert that the issue of jurisdiction is controlled by § 8-8-3, as amended by P.L. 1985, ch. 492, § 1, which provides in part, "Jurisdiction.—(a) The district court shall have exclusive original jurisdiction of: * * * (6) * * * all other actions, proceedings and matters of whatever nature which are or shall be declared to be within the jurisdiction of said court by the laws of the state." Therefore, defendants argue that the action is in the nature of a tax claim and clearly the District Court retains jurisdiction over such proceeding, including the relief sought.

The fuel-decal fee statute, § 31-36.1-3(a), imposed a $10.00 fee for a fuel-identification sticker for all out-of-state motor carriers. The tax administrator's duties included approving applications, issuing identification devices, and collecting the fee. The record discloses that plaintiffs paid fuel-decal fees on April 25, 1985, and October 10, 1985. Thereafter plaintiffs sought a refund of the fees, a declaratory judgment declaring the statute null and void, and a permanent injunction enjoining defendant tax administrator from collecting the fee. In the course of seeking refunds from the tax administrator, plaintiffs were informed that their letter was treated as a request for administative hearing of a denial of a claim for refund and that requests for other similarly situated motorists would not be addressed. From the aforementioned recitation of facts we are of the opinion that plaintiffs' suit is attributable to the subject of a contested tax matter. In holding the gravamen of plaintiffs' complaint to be a tax matter, we must agree with the Superior Court justice's granting of defendants' motion to dismiss for lack of subject matter jurisdiction.

The appropriate route for challenging the actions of an administrative authority, in this case that of the tax administrator, is delineated in chapter 35 of title 42, the Administrative Procedures Act. The tax administrator assessed and collected the fuel-decal fee in accordance with legislative mandate. The plaintiffs paid the fee and thereafter sought a refund and challenged the constitutionality of the statute. A plaintiff is required to commence a proceeding against the tax administrator for tax refunds, including any additional relief requested. The tax administrator is then required to review the complaint and render a decision. This is the sequence of action mandated by statute. Such procedure presumably preserves an efficient and orderly administration of justice in state agencies.

If a party is aggrieved by an order, act, or decision of an administrative agency and thereupon alleges that all available remedies have been exhausted, that party is entitled to judicial review pursuant to § 42-35-15(a), as amended by P.L. 1986, ch. 281, § 10, which provides in pertinent part, "(a) [a]ny preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency order would not provide an adequate remedy."

We have noted that the Administrative Procedures Act grants specific authority for judicial review of interlocutory as well as final orders. *La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights*, 419 A.2d 274, 279 n. 5 (R.I. 1980). We emphasize that the reviewing court should exercise the power to review interlocutory rulings of administrative agencies sparingly in order to avoid inundation by preliminary issues that may ultimately be resolved or become moot in the

course of litigation at the administrative level. *Id.* In the case before us, plaintiffs, following their determination that administrative remedies were not available and further pursuit would amount to a futile exercise, elected judicial review and subsequently instituted proceedings in the Superior Court. We hold, however, that the appropriate forum for judicial review of a decision or ruling by the tax administrator lies in the District Court.

We have held that District Court has sole jurisdiction to entertain a complaint seeking review of the tax administrator with regard to any tax that he is authorized to assess. *Old Colony Bank v. Clark*, 517 A.2d 249, 251 (R.I. 1986). In addition § 42–35–15(b) provides that "[p]roceedings for review are instituted by filing a complaint * * * where expressly provided by the general laws in the sixth division of the district court * * *." The Legislature conferred power on the District Court to review decisions by the tax administrator upon passage of P.L. 1976, ch. 140, referred to as the Walsh Act. This act lead to a reallocation of jurisdiction that was intended to alleviate a backlog in the Superior Court by transferring certain nonjury proceedings from the Superior Court to the District Court. Furthermore, it has been stated:

> "The method and scope of review of decisions of the tax administrator have been completely changed as a result of statutory amendments * * *. The General Assembly enacted P.L. 1984, ch. 183, as an amendment to [chapter 8 of title 8] of the General Laws conferring jurisdiction upon the District Court. The [General Assembly] added 8–8–24 to 32 and provided for a trial de novo in the District Court on any appeal from a final decision of the Tax Administrator concerning an 'assessment, deficiency or otherwise.' This appeal under the statute is in the form of an original, independent proceeding in the nature of a suit in equity." J. Weisberger, *Rhode Island Appellate Practice* 140 (1985).

Having established that § 42–35–15(a)(b) and §§ 8–8–3 and 8–8–24 to–32 (inclusive) gives the District Court exclusive jurisdic-

tion of plaintiffs' challenge to the fuel-decal-fee statute, we now focus on the issue of the relief sought by plaintiffs.

The plaintiffs requested refunds of fees paid, a declaratory judgment declaring the fuel-decal fees unconstitutional, and a permanent injunction prohibiting the enforcement and collection of the fees. The plaintiffs contend that Superior Court has jurisdiction over their claims for equitable relief pursuant to § 8–2–13, which provides in part that "[t]he superior court shall, *except as otherwise provided by law*, have exclusive original jurisdiction of suits and proceedings of an equitable character * * *." (Emphasis added.)

However, we are bound by the Legislature's mandate that provides that tax disputes are within the statutory scheme that vests exclusive jurisdiction of this particular subject matter in the District Court. Thus in the instant case the proper forum for judicial review of rulings by the tax administrator is clearly in the District Court. With regard to the relief requested, we believe that in keeping with the intent of the Legislature, we hold that since the District Court has obtained jurisdiction of the subject matter under the enabling act, it can retain it for the purpose of administering relief. *Pucci v. Algiere*, 106 R.I. 411, 261 A.2d 1 (1970). In our reading of §§ 42–35–15, 8–8–3, and 8–8–24 to–32, in conjunction with the Walsh Act, the Legislature, by vesting the District Court with exclusive jurisdiction over tax matters, implied that the District Court is empowered to administer full relief, including adjudication of challenges to the constitutionality of tax statutes and claims for equitable relief that relate to tax disputes. We advance the Legislature's objectives of judicial economy, fairness to litigants, and the elimination of duplicative proceedings. Since the District Court retains exclusive jurisdiction over tax disputes, it is necessary that the District Court retain power to decide all claims for relief attached to the underlying matter. The District Court could not function effectively if the scope of power regarding tax disputes is frag-

mented. A holding to the contrary would effectually dissipate the force of the statutory system established for the resolution of tax disputes.

We note that if a party is further aggrieved by a decision in the District Court, the party is not without recourse. Section 8–8–32 provides for judicial review by the Supreme Court of rulings or decisions rendered by the District Court. This ultimate review ensures litigants that a fair and expeditious method to review tax disputes completely is available.

We cannot accept plaintiffs' argument that since a petition for a declaratory judgment under § 9–30–1 was filed, then Superior Court jurisdiction is invoked over the entire claim. We have held that if a case is in effect characterized as a tax matter, "the [L]egislature did not intend that a petition under the uniform declaratory judgments act was to take the place of a taxpayer's suit and, therefore, the [S]uperior [C]ourt had no jurisdiction under the act to grant the petitioner's prayers." *Pascale v. Capaldi*, 95 R.I. 513, 515, 188 A.2d 378, 379 (1963). Concededly, the Superior Court is empowered with jurisdiction over petitions under the Uniform Declaratory Judgment Act; however, in the case before us plaintiffs seek both refunds and declaratory relief.

To allow claims for tax refunds to be removed from the District Court because a claim for equitable relief is included would effectually permit the circumvention of the statutory system that exists for resolution of tax disputes. However, in holding that the District Court has power to adjudicate equitable claims incidental to tax-refund suits, litigants are assured the opportunity to obtain proper relief. Indeed, our holding assures that such claim will be heard by a court possessed of unique expertise in such matters.

In sum, in a tax dispute that includes both a request for refunds and relief of an equitable character, a proceeding must initially be commenced at the administrative level. If a party is aggrieved by an agency act or ruling, or determines that no adequate remedy can be provided, judicial review is available only in the District Court. Included in the District Court's exclusive jurisdiction over tax disputes is the power to adjudicate claims of an equitable character.

Accordingly, the plaintiffs' appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers are remanded to Superior Court.