May 1, 2019

**Supreme Court**

No. 2017-138-Appeal.
(PC 16-2572)

Bluedog Capital Partners, LLC          :

v.          :

John A. Murphy, in his capacity as Tax          :
Collector for the City of Providence, et al.

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Bluedog Capital Partners, LLC     :

v.     :

John A. Murphy, in his capacity as Tax    :
Collector for the City of Providence, et al.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  In this action challenging the assessment of alleged illegal taxes, the plaintiff, Bluedog Capital Partners, LLC (Bluedog), appeals from a judgment of the Superior Court granting the motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure filed by the defendants, John A. Murphy, in his capacity as tax collector for the City of Providence (the city); David Quinn, in his capacity as tax assessor for the city; and Michael Pearis, in his capacity as finance director for the city (collectively defendants).[1]  This matter came before the Court on March 27, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided.  After considering the arguments set forth in the parties' memoranda and at oral argument, we are convinced that cause has not been shown.  Thus, further argument or briefing is not required to decide this matter.  For the reasons outlined below, we affirm the judgment of the Superior Court.

---

[1] On appeal, Bluedog would have us adopt the words of former President Calvin Coolidge: "The collection of any taxes which are not absolutely required * * * is only a species of legalized larceny." *Silent Cal's Almanack: The Homespun Wit and Wisdom of Vermont's Calvin Coolidge* 112 (David Pietrusza ed., 2008) (quoting Calvin Coolidge, 30th President of the United States, Inaugural Address, March 4, 1925).

# I

## Facts and Travel

The following facts, sparse as they are, have been gleaned from Bluedog's complaint. On or about October 3, 2014, Bluedog, a private lender, loaned $35,000 to Fogliare Group, LLC (Fogliare), in consideration of a first-priority mortgage on Fogliare's real property, which has a street address of 170 Bartlett Avenue, Providence, Rhode Island (the property). Bluedog recorded the mortgage in the Providence land evidence records.[2] The property encompasses two lots: Assessor's Plat 90, Lot 13, which is located within the city (the Providence parcel); and Assessor's Plat 2-5, Lot 1520, which is located within the City of Cranston (the Cranston parcel). The city noticed a tax sale for the Providence parcel in tax year 2015; and, thereafter, on July 1, 2015, it sold the Providence parcel at a tax sale, with a collector's deed being recorded in the Providence land evidence records on July 9, 2015. On June 2, 2016, Bluedog filed a two-count complaint, seeking a declaration that defendants had illegally assessed the Providence parcel (Count I) and seeking injunctive relief against the sale of the property (Count II). Bluedog alleged that its mortgage was "subject to the tax sale[,]" and that, in tax year 2015, the total assessed value of the Providence parcel was $102,200.[3]

On June 24, 2016, defendants filed a motion to dismiss Bluedog's complaint, pursuant to Rule 12(b)(6). In their memorandum in support of the motion to dismiss, defendants argued that G.L. 1956 § 44-5-26 provides the exclusive procedures for the tax-abatement relief that Bluedog

---

[2] The date that Bluedog recorded this mortgage appears neither in the complaint nor anywhere else in the record before this Court.

[3] In its complaint, Bluedog averred that "[t]he Providence and Cranston Assessor's Lots indicate that most if not all of the house on the Property is located on the Cranston Parcel. Also, approximately two-thirds (2/3) of the entire Property lot is located on the Cranston parcel."

sought and that Bluedog had not complied with those procedures.[4] Moreover, defendants averred that, even if Bluedog sought to bypass those procedures by invoking the Superior Court's equity jurisdiction under § 44-5-27, the three-month statute-of-limitations period for such actions had expired; defendants alleged that Bluedog had filed its complaint "*more than seven (7) months after the limitations period expired for the most recent tax year at issue (2015) * * *.*" (Emphasis in original.) Finally, defendants contended that there was nothing for the Superior Court to enjoin because the tax sale had already taken place.

---

[4] General Laws 1956 § 44-5-26(a) provides:

> "Any person aggrieved on any ground whatsoever by any assessment of taxes against him or her in any city or town, or any tenant or group of tenants, of real estate paying rent therefrom, and under obligation to pay more than one-half of the taxes thereon, may within ninety (90) days from the date the first tax payment is due, file an appeal in the local office of tax assessment; provided, if the person to whom a tax on real estate is assessed chooses to file an appeal, the appeal filed by a tenant or group of tenants will be void. For the purposes of this section, the tenant(s) has the burden of proving financial responsibility to pay more than one-half (½) of the taxes. The assessor has forty-five (45) days to review the appeal, render a decision and notify the taxpayer of the decision. The taxpayer, if still aggrieved, may appeal the decision of the tax assessor to the local tax board of review, or in the event that the assessor does not render a decision, the taxpayer may appeal to the local tax board of review at the expiration of the forty-five (45) day period. Appeals to the local tax board of review are to be filed not more than thirty (30) days after the assessor renders a decision and notifies the taxpayer, or if the assessor does not render a decision within forty-five (45) days of the filing of the appeal, not more than ninety (90) days after the expiration of the forty-five (45) day period. The local tax board of review shall, within ninety (90) days of the filing of the appeal, hear the appeal and render a decision within thirty (30) days of the date that the hearing was held. Provided, that a city or town may request and receive an extension from the director of the Rhode Island department of revenue."

- 3 -

In Bluedog's memorandum in support of its opposition to defendants' motion to dismiss, Bluedog contended that "there are certain situations which have been recognized in Rhode Island for bypassing the normal review procedures set forth in * * * §§ 44-5-26 and 44-5-27." Bluedog argued that one such case is where, as here, a tax is alleged to be illegal.[5]

On November 17, 2016, a hearing on defendants' motion to dismiss was held in Providence County Superior Court. At that hearing, defendants began by arguing that the statute of limitations for tax year 2015 had run on October 24, 2015, and that the complaint, which was filed in June 2016, was therefore untimely. They also averred that the complaint merely alleged an overassessment because the property was at least partially within the city's jurisdiction, and that, even if the taxes were alleged to be illegal, Bluedog was required to appeal the assessment to the board of tax assessment review or else bring an action sounding in equity, pursuant to § 44-5-27, in the Superior Court. The defendants cited the Superior Court decision underlying this Court's opinion in *Narragansett Electric Company v. Minardi*, 21 A.3d 274 (R.I. 2011), in which the hearing justice found that the Uniform Declaratory Judgments Act could not be used to replace the procedures set forth in §§ 44-5-26 and 44-5-27. *See Minardi*, 21 A.3d at 277.

Moreover, defendants quoted this Court's opinion in *Pascale v. Capaldi*, 95 R.I. 513, 188 A.2d 378 (1963), in which we stated: "In our opinion the legislature did not intend that a petition under the uniform declaratory judgments act was to take the place of a taxpayer's suit and, therefore, the Superior Court had no jurisdiction under the act to grant the [taxpayer's] prayers." *Pascale*, 95 R.I. at 514, 188 A.2d at 379. Finally, defendants argued, and the hearing justice

---

[5] *See Narragansett Electric Company v. Minardi*, 21 A.3d 274, 278 (R.I. 2011) ("Significantly, § 44-5-27 states that 'the remedy provided in § 44-5-26 is exclusive;' however, a taxpayer alleging an illegal tax may proceed directly to the Superior Court.") (brackets omitted) (quoting § 44-5-27).

seemed to agree, that, because the tax sale had already occurred, there was nothing for the Superior Court to enjoin and, thus, there was no relief that could be granted under Count II of the complaint.

Bluedog responded by outlining the deferential standard that courts give to plaintiffs on motions to dismiss in general, and specifically in declaratory-judgment actions. Bluedog then described the necessary elements to allege an illegal tax, which includes situations where the taxing authority acted without jurisdiction or where the tax was so palpably exorbitant and excessive as to amount to constructive fraud.[6] Bluedog maintained that the tax in this case fit the latter criterion because the building that the city had taxed was located "entirely outside of the City of Providence." The hearing justice then indicated that, even if she were willing to give Bluedog the benefit of the doubt regarding whether the taxes were illegal, the three-month statute of limitations under § 44-5-27 had clearly run by the time Bluedog filed its complaint. Bluedog responded that the statute of limitations did not apply in this case because a "declaratory judgment action is outside of what is contemplated in those statutes[,]" and the statute of limitations applied only to "an ordinary request for equitable relief."

In her bench decision, the hearing justice determined that at the crux of this case is "whether or not procedurally and legally * * * the [c]ourt had the authority to actually hear the instant matter." She then quoted the language of both § 44-5-26 and § 44-5-27, outlining the procedures for challenging an assessment of taxes and the exceptions to those procedures. She then indicated that, despite Bluedog's contentions, this Court's opinions in *Minardi* and *CIC-Newport Associates v. Stein*, 121 R.I. 844, 403 A.2d 658 (1979), indicate that any suit challenging a purported illegal assessment of taxes—such as the one at issue in this case—"would need to sound in equity and

---

[6] Bluedog contended in its complaint that in tax year 2016 the city reduced the assessed value of the Providence parcel from $102,200 to $28,400.

they are therefore time-barred." Accordingly, the hearing justice granted defendants' motion to dismiss Count I of Bluedog's complaint. The hearing justice likewise granted defendants' motion to dismiss as to Count II, stating that "there is really nothing to enjoin here. There is no harm that is presently threatened or imminent because * * * the property has already been sold."[7]

On December 9, 2016, an order entered dismissing Bluedog's complaint, with prejudice. On December 14, 2016, Bluedog filed a timely notice of appeal to this Court.

## II

## Standard of Review

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Gannon v. City of Pawtucket*, 200 A.3d 1074, 1077 (R.I. 2019) (quoting *Minardi*, 21 A.3d at, 277). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Id.* (quoting *Minardi*, 21 A.3d at 278). "We thus are confined to the four corners of the complaint and must assume all the allegations are true, resolving any doubts in the plaintiff's favor." *Id.* (brackets omitted) (quoting *Minardi*, 21 A.3d at 278). "A motion to dismiss may be granted only if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts." *Id.* (quoting *Minardi*, 21 A.3d at 278). Additionally, "[a] party may raise a statute-of-limitations defense by way of a motion to dismiss, 'provided the alleged timing defect appears on the face of the complaint.'" *Barrette v. Yakavonis*, 966 A.2d 1231, 1234 (R.I. 2009) (brackets omitted) (quoting *Martin v. Howard*, 784 A.2d 291, 297 (R.I. 2001)).

"We review questions of statutory interpretation *de novo*." *State v. Hazard*, 68 A.3d 479, 485 (R.I. 2013) (brackets omitted) (quoting *Campbell v. State*, 56 A.3d 448, 454 (R.I. 2012)). In

---

[7] It was learned at oral argument before this Court that an entity known as "Angel Realty" purchased the property at the tax sale. However, prior to foreclosure of the right of redemption, Bluedog paid the amount that Fogliare had owed in taxes and redeemed title to the property.

- 6 -

so doing, "our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Id.* (quoting *Alessi v. Bowen Court Condominium*, 44 A.3d 736, 740 (R.I. 2012)). However, "taxing statutes are to be strictly construed with doubts resolved in favor of the taxpayer." *Balmuth v. Dolce for Town of Portsmouth*, 182 A.3d 576, 585 (R.I. 2018) (quoting *Maggiacomo v. DiVincenzo*, 122 R.I. 615, 618, 410 A.2d 1332, 1333 (1980)).

## III

## Discussion

"This Court frequently has emphasized that the taxing statutes provide the exclusive relief to any person aggrieved by any assessment of taxes against him by any city or town." *Lehigh Cement Co. v. Quinn*, 173 A.3d 1272, 1278 (R.I. 2017) (quoting *Minardi*, 21 A.3d at 278). "Section 44-5-26(a) provides an administrative appeal process to 'any person aggrieved on any ground whatsoever by any assessment of taxes against him or her.'" *Id.* (brackets and deletion omitted). "Appeals are to the local office of tax assessment in the first instance; and then, if still aggrieved, the taxpayer may appeal to the local tax board of review." *Id.* "Section 44-5-27 provides that the remedy set forth in § 44-5-26 is exclusive 'except that, in a proper case, the taxpayer may invoke the equity jurisdiction of the Superior Court.'" *Id.* (brackets omitted) (quoting § 44-5-27). "This Court has also explained that 'a taxpayer alleging an illegal tax may proceed directly to the Superior Court.'" *Id.* (quoting *Minardi*, 21 A.3d at 278).

The full text of § 44-5-27 reads:

> "The remedy provided in § 44-5-26 is exclusive if the taxpayer owned or possessed *any ratable estate at all*, except that, in a proper case, the taxpayer may invoke the equity jurisdiction of the [S]uperior [C]ourt; provided, that the complaint is filed within three (3) months after the last day appointed for the payment, without penalty, of the tax, or the first installment of the tax, if it is payable in installments. A taxpayer alleging an illegal or void tax assessment against him or her is confined to the remedies provided by

- 7 -

§ 44-5-26, except that the taxpayer is not required to file an appeal with the local assessor." (Emphasis added.)

Because Bluedog's complaint alleged that at least part of the property was located in the city, this is not a case where there was no ratable estate to tax in Providence. *See* § 44-5-27 ("The remedy provided in § 44-5-26 is exclusive if the taxpayer owned or possessed any ratable estate at all * * *."); *see also St. Clare Home v. Donnelly*, 117 R.I. 464, 469, 368 A.2d 1214, 1217 (1977) ("However, our examination of [§ 44-5-26] leads us to conclude that this restriction is not applicable where the taxpayer possesses only tax-exempt property which is not ratable."). At bottom, then, Bluedog's complaint essentially alleges an overassessment of taxes, not an *illegal* tax. Under these circumstances, because Bluedog has failed to comply with the taxing statutes, its complaint must fail as a matter of law. Nevertheless, even if we assume for purposes of defendants' motion to dismiss that Bluedog had alleged an illegal tax, there is no question that Bluedog did not file its complaint within the three-month statute of limitations set forth in § 44-5-27.

We have noted that "[t]he ability of a taxpayer to file a suit in equity directly in the Superior Court, however, is sharply circumscribed by a brief limitations period. *Lehigh Cement Co.*, 173 A.3d at 1278 (quoting § 44-5-27). Section 44-5-5 vests municipal councils with the ability to "determine the date on which taxes are due and payable and the date on which they are subject to a penalty[.]" For tax year 2015, the Providence City Council, by Providence City Ordinance No. 335 of Ch. 15-12, approved on June 11, 2015, mandated that the first installment of tax payments be made on or before July 24, 2015. It follows that, because § 44-5-27 requires that the complaint be filed "within three (3) months after the last day appointed for the payment, without penalty, of the tax, or the first installment of the tax[,]" the statute of limitations for an action under that section

would have run on October 24, 2015.  Therefore, on its face, Bluedog's complaint, filed on June 2, 2016, was untimely.

Bluedog attempts to "slay this procedural Goliath[,]" *Lehigh Cement Co.*, 173 A.3d at 1278, by arguing that a declaratory-judgment action alleging the assessment of illegal taxes falls outside the taxing statutes and, thus, is not subject to the statute of limitations in § 44-5-27. However, this Court has stated that "the taxing statutes provide the *exclusive relief* to any person aggrieved by *any assessment* of taxes against him by any city or town." *Id.* (emphasis added) (quoting *Minardi*, 21 A.3d at 278).  Therefore, any action challenging the assessment of taxes, for any reason, that does not follow the normal procedures set forth under § 44-5-26, *must* be brought pursuant to § 44-5-27.  Accordingly, even when resolving all doubts in the complaint in favor of Bluedog, we hold that the hearing justice did not err when she granted the defendants' motion to dismiss pursuant to Rule 12(b)(6). *See Gannon*, 200 A.3d at 1077.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court and remand the papers to that tribunal.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Bluedog Capital Partners, LLC v. John A. Murphy, in his capacity as Tax Collector for the City of Providence, et al. |
| **Case Number** | No. 2017-138-Appeal. (PC 16-2572) |
| **Date Opinion Filed** | May 1, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>John O. Mancini, Esq.<br>Michael J. Farley, Esq. |
| | For Defendants:<br><br>Lisa Fries, Esq.<br>Samuel A. Budway, Esq. |