March 16, 2026

Sean M. O'Connell      :

v.      :

Employees' Retirement System of      :
    Rhode Island.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Sean M. O'Connell            :

v.                           :

Employees' Retirement System of    :
Rhode Island.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Long, for the Court.**  The respondent, Employees' Retirement System of Rhode Island (respondent or ERSRI), seeks review by a writ of certiorari of a Workers' Compensation Court (WCC) order denying its motion to dismiss an appeal by the petitioner, Sean M. O'Connell (Mr. O'Connell or petitioner), of a state retirement board (state retirement board) decision denying his request for an accidental disability pension.  At issue in this case is whether the WCC possessed subject matter jurisdiction to entertain Mr. O'Connell's appeal from the state retirement board's denial of his application for an accidental disability pension notwithstanding his status as a state employee.  For the reasons contained herein we conclude that the WCC did not have jurisdiction.  Accordingly, we quash the trial judge's order denying ERSRI's motion to dismiss.

- 1 -

## Facts and Procedural History

We draw these facts from the first decision of the Disability Committee (the committee) of ERSRI recommending the denial of Mr. O'Connell's application for an accidental disability retirement pension. Neither party contests the committee's statement of those facts.

Mr. O'Connell is a deputy sheriff employed by the Department of Public Safety, an executive branch department of state government. On October 15, 2021, Mr. O'Connell filed an application for ordinary and accidental disability retirement pensions indicating that he had sustained a back injury. In his application, he asserted that he sustained that injury on September 6, 2011, and ceased working on April 27, 2020. The committee recommended approval of Mr. O'Connell's application for an ordinary disability pension and denial of his request for an accidental disability pension. The committee determined that Mr. O'Connell filed his application for an accidental disability pension out of time. In reaching its conclusion, the committee cited G.L. 1956 § 36-10-14(b), the Employees' Retirement System of the State of Rhode Island's (the state retirement system) "Retirement for accidental disability" provision, which requires the filing of applications "within five (5) years of the alleged accident * * * or three (3) years of [a] reinjury or aggravation." The committee explained that the 2011 injury was outside of the statutory limitations period and that Mr. O'Connell had not presented

any evidence of an intervening injury or aggravating circumstance that would have made his application timely. The state retirement board adopted the committee's recommendation and sent a certified letter confirming the denial.

Mr. O'Connell sought reconsideration of the state retirement board's denial of his application, and presented additional evidence purporting to establish that the 2011 injury had been aggravated by the requirements of his employment between 2011 and 2020. After reviewing Mr. O'Connell's additional evidence, the committee again recommended denial of his application, and the state retirement board accepted that recommendation. Mr. O'Connell thereafter sought a rehearing of his application from the executive director of the state retirement system and requested further medical examination on the question of aggravation. The committee unanimously voted to recommend denial of Mr. O'Connell's request for rehearing, which was also accepted by the state retirement board. The state retirement board issued a new denial letter informing Mr. O'Connell that its determination "constitute[d] final administrative action for all purposes" and that he could pursue an appeal "in the Superior court * * * or the Workers' Compensation Court, as applicable."

Mr. O'Connell filed appeals in both the Superior Court and the WCC; ERSRI sought dismissal of the WCC matter on the basis that the WCC lacked subject matter jurisdiction because Mr. O'Connell is a state employee. Mr. O'Connell responded

that the WCC possessed subject matter jurisdiction because G.L. 1956 § 45-19-1(k), a subsection of the injured-on-duty (IOD) statute, mandated that state employees, like himself, apply to the state retirement board for an accidental disability pension. Having been denied that pension, Mr. O'Connell argued that he could appeal the denial under a provision of G.L. 1956 chapter 21.2 of title 45, the "Optional Retirement for Members of Police Force and Firefighters"; specifically, § 45-21.2-9(g),[1] which grants "any party [who] is aggrieved by the determination of the retirement board pursuant to § 45-19-1" the right to submit an appeal to the WCC.

The trial judge issued a decision from the bench denying ERSRI's motion to dismiss. The trial judge reasoned that Mr. O'Connell was receiving IOD payments at the time of his application for an accidental disability pension and that the IOD statute "directs the employee to file for an accidental disability retirement benefit pursuant to * * * § 45-21.2-9." The trial judge concluded that Mr. O'Connell had done so and had been denied that pension from the state retirement board, and that consequently, the WCC possessed subject matter jurisdiction to hear his appeal

---

[1] At the time Mr. O'Connell filed his memorandum in the Workers' Compensation Court, this appeal provision was located at G.L. 1956 § 45-21.2-9(f). Section 9 of chapter 21.2 has since been amended, and the appeal provision is now located at § 9(g); this opinion will refer to the statute as currently codified in the General Laws for clarity. *See* P.L. 2024, ch. 185, § 2.

under § 45-21.2-9. The trial judge further concluded that additional statutes each gave the WCC jurisdiction over any issue concerning § 45-21.2-9.

An order reflecting the denial of ERSRI's motion to dismiss entered on January 25, 2024. ERSRI subsequently filed a petition for a writ of certiorari, along with an application for a stay, in this Court. ERSRI argued that the trial judge erred in deciding that the WCC possessed subject matter jurisdiction over Mr. O'Connell's appeal because the legislature granted the WCC jurisdiction over appeals from police officer and firefighter members of the Municipal Employees' Retirement System of Rhode Island only, and not from state employees subject to the state retirement system. It further requested that this Court stay proceedings in both the Superior Court and the WCC. This Court granted both the motion to stay and the petition for a writ of certiorari on October 15, 2024.

We consider whether the trial judge committed an error of law in deciding that the WCC possessed subject matter jurisdiction over Mr. O'Connell's appeal from the decision of the state retirement board to deny his application for an accidental disability pension.

**Standard of Review**

This Court reviews a matter before it on a writ of certiorari by examining the record to determine if an error of law has been committed and to discern whether any legally competent evidence exists to support the lower court's decision. *Morse*

- 5 -

*v. Employees Retirement System of City of Providence*, 139 A.3d 385, 390 (R.I. 2016).

To assess the lower court's decision, this case requires that we construe several statutory provisions. *See Lang v. Municipal Employees' Retirement System of Rhode Island*, 222 A.3d 912, 915 (R.I. 2019). This Court reviews questions of statutory interpretation *de novo. Fitzgerald v. Jackson*, 307 A.3d 1283, 1288 (R.I. 2024). When a statute is clear and unambiguous, this Court interprets the statute literally and gives the words of the statute their plain and ordinary meanings. *Id.* Keeping in mind that "our ultimate goal is to give effect to the purpose of the act as intended by the Legislature," we do not conflate the plain meaning approach with "myopic literalism." *Lang*, 222 A.3d at 915, 916 (first quoting *Bluedog Capital Partners, LLC v. Murphy*, 206 A.3d 694, 699 (R.I. 2019), then quoting *O'Connell v. Walmsley*, 156 A.3d 422, 426 (R.I. 2017)). Instead, we "look to the sense and meaning fairly deducible from the context" in which the language appears so as to avoid an absurd result. *Id.* at 916. In undertaking our statutory analysis, "this Court 'must consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections.'" *Newport and New Road, LLC v. Hazard*, 296 A.3d 92, 94 (R.I. 2023) (quoting *Beagan v. Rhode Island Department of Labor and Training*, 253 A.3d 858, 861-62 (R.I. 2021)).

- 6 -

Finally, this Court reviews *de novo* the question of whether a court has subject matter jurisdiction over a particular controversy. *Lang*, 222 A.3d at 916.

**Discussion**

Upon examination of the record and review of the statutory provisions implicated by ERSRI's petition, we determine that the trial judge committed an error of law when he decided that the WCC possessed subject matter jurisdiction to hear Mr. O'Connell's challenge to the denial of his pension.

"The Workers' Compensation Court is a court of limited jurisdiction that is strictly statutory." *Plunkett v. State*, 869 A.2d 1185, 1190 (R.I. 2005). This Court has observed in the past, albeit in reference to a different statutorily-created court, that the powers of a legislatively-created court are "restricted to those that are conferred upon it by the General Assembly." *Sidell v. Sidell*, 18 A.3d 499, 504 (R.I. 2011) (discussing the Family Court). We therefore will not assume that the General Assembly extended jurisdiction to the WCC by implication. *See id.* The jurisdiction of the WCC is outlined in G.L. 1956 § 28-30-1. As relevant here, that statute confers on the WCC "the jurisdiction that may be necessary to carry out its duties under * * * the provisions of § 45-21.2-9 * * *." Section 28-30-1(a).

To understand the statutory jurisdiction of the WCC, it is necessary to describe the statutory framework of the retirement and IOD statutes implicated by this case. Pursuant to the General Laws, the State of Rhode Island administers two retirement

systems on behalf of state and local employees: the Municipal Employees' Retirement System (MERS), codified at G.L. 1956 chapters 21 through 21.5 of title 45; and the state retirement system, codified at G.L. 1956 chapters 8 through 10.3 of title 36. Additionally, pursuant to chapter 19 of title 45, the legislature mandates various forms of relief for injured and deceased firefighters and police officers, including IOD benefits while injured.

The General Assembly created MERS to "provide an actuarially financed retirement system for municipal employees * * *." G.L. 1956 § 45-21-1. The General Assembly also established within MERS the "Optional Retirement for Members of Police Force and Firefighters" (the Optional Plan) to provide "municipalities with an alternate retirement plan for police and fire fighters * * *." Section 45-21.2-1. Municipalities are empowered to choose whether to opt in to MERS and its programs, including the Optional Plan. *See* § 45-21-4 (the MERS opt-in provision); § 45-21.2-3 (the Optional Plan opt-in provision). Both MERS and the Optional Plan contain accidental disability retirement provisions applicable to employees within municipalities participating in those plans. *See* § 45-21-21 (the MERS accidental disability provision); § 45-21.2-9 (the Optional Plan accidental disability provision). The Optional Plan also provides an accidental disability retirement pension to a limited category of state employees. *See* § 45-21.2-9(e) (granting benefits to firefighters, including state firefighters, with a "disabling

- 8 -

occupational cancer"); § 45-21.2-9(f) (looking to § 45-19-1(b)'s definition of "police officers," which includes deputy sheriffs, and granting benefits to police officers with post-traumatic stress disorder). Relevant to this case is § 45-21.2-9(g), which states, in part: "In the event that any party is aggrieved by the determination of the retirement board pursuant to § 45-19-1, * * * the party may submit an appeal to the Rhode Island workers' compensation court." Section 45-21.2-9(g). Section 45-21.2-9(g) and the WCC's jurisdiction-granting statute, § 28-30-1(a), mutually reinforce the authority of the WCC to hear an appeal from a denial of a pension administered through the Optional Plan.

By contrast, the General Assembly established the state retirement system "for the purpose of providing retirement allowances for employees of the state of Rhode Island * * *." General Laws 1956 § 36-8-2. The state retirement system contains its own accidental disability retirement provisions that govern access to an accidental disability pension for state employees. *See* § 36-10-14. The state retirement system's accidental disability provision is silent with regard to a state employee's right to appeal a denial of their pension to the WCC, however.

Finally, the General Assembly mandates, pursuant to the IOD statute, that state and municipal employees receive their regular compensation for the duration of an injury, subject to conditions contained in that section. *See generally* § 45-19-1(a)(1) (defining employees entitled to, and listing requirements in order to

receive, IOD payments). One such condition requires a state employee who is receiving IOD payments to apply for an accidental disability retirement allowance within a specified period in order to continue receiving IOD benefits. Section 45-19-1(k). As counsel for Mr. O'Connell explained before the WCC on ERSRI's motion to dismiss, he sought an accidental disability allowance from the state retirement board pursuant to § 45-19-1(k), which provides in relevant part that

> "[a]ny person employed by the state of Rhode Island who is currently receiving injured-on-duty benefits * * * and subject to the jurisdiction of the state retirement board for accident retirement disability, shall apply for an accidental disability retirement allowance from the state retirement board the later of eighteen (18) months after the date of the person's injury that resulted in the person's injured-on-duty status or sixty (60) days from the date on which the treating physician certifies that the person has reached maximum medical improvement." Section 45-19-1(k).[2]

Mr. O'Connell argues that § 45-19-1(k)'s reference to the "retirement board" triggers the jurisdictional language in § 45-21.2-9(g) such that he can appeal the state retirement board's denial of his application for an accidental disability pension to the WCC. We disagree.

Based on our analysis of the entire statutory scheme in which these provisions appear, we hold that the WCC does not possess subject matter jurisdiction to

---

[2] The text of G.L. 1956 § 45-19-1(k) reflected here incorporates legislative amendments enacted pursuant to P.L. 2025, ch. 117, § 3. The substance of the statute, however, remains identical to the version that was in effect at the time of Mr. O'Connell's appeal to the Workers' Compensation Court.

consider Mr. O'Connell's appeal from the decision of the retirement board denying his application for an accidental disability pension. Mr. O'Connell, as a deputy sheriff employed by the Department of Public Safety, is a member of the state retirement system. He has alleged that he is unable to perform his duties because he sustained a back injury, and not by reason of post-traumatic stress disorder. As such, the state retirement board's review of his application for an accidental disability retirement pension properly proceeded pursuant to § 36-10-14 rather than according to § 45-21.2-9, which governs accidental disability retirement pensions under the Optional Plan within MERS, and includes only a limited category of state police officers. Section 36-10-14 does not, however, afford the WCC jurisdiction to hear an appeal concerning a denial of Mr. O'Connell's application for an accidental disability pension.

We accept that Mr. O'Connell was aggrieved by the decision of the state retirement board to deny his application for an accidental disability retirement pension. Nevertheless, as a state employee who sought a pension pursuant to § 36-10-14, judicial review in the Superior Court of the final administrative action denying that pension is proper according to the Administrative Procedures Act. *See* G.L. 1956 § 42-35-15(b). He does not come within the category of an aggrieved party as contemplated by § 45-21.2-9(g) because that language applies only to those

employees otherwise covered under the Optional Plan's accidental disability provision.

Comparison of the two provisions of the IOD statute that require government employees to apply for an accidental disability pension provides further support for our conclusion. *See* § 45-19-1(k) (governing a state employee's application for accidental disability); § 45-19-1(j) (concerning municipal employee's applications for accidental disability). Section 45-19-1(j) includes an explicit provision that affords the WCC the opportunity to review a non-state employee's entitlement to an accidental disability pension before the termination of their IOD payments. *See* § 45-19-1(j)(2) (stating that a person who timely applies for an accidental disability pension shall enjoy "the right to continue to receive IOD payments * * * [until] a final ruling *of the workers' compensation court* allowing accidental disability benefits") (emphasis added). By contrast, § 45-19-1(k) does not contain parallel language. *See* § 45-19-1(k)(2). Instead, a state employee's entitlement to payment terminates "upon final adjudication [of an application for accidental disability] by the state retirement board * * *." *Id.* These provisions therefore confirm our holding that the General Assembly did not intend for a state employee's application for benefits under § 45-19-1(k) to be appealable to the WCC.

Based on our review of the statutory schemes enacted to provide separate retirement systems for state and municipal employees, we conclude that the trial

judge erred when he determined that the WCC possessed subject matter jurisdiction to hear Mr. O'Connell's appeal. As a state employee who is not otherwise covered by the Optional Plan, he is entitled to appeal the denial of his application for an accidental disability pension by pursuing an appeal in the Superior Court rather than by direct appeal to the WCC. We therefore lift the stay of the proceedings in Superior Court pursuant to our October 15, 2024 order.

## Conclusion

Given our interpretation of the statutes at issue in this case, we conclude that the WCC lacked subject matter jurisdiction to hear Mr. O'Connell's appeal. Accordingly, we quash the trial judge's order denying ERSRI's motion to dismiss, and remand the case to the Workers' Compensation Court with an order that it dismiss the case for lack of subject matter jurisdiction.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Sean M. O'Connell v. Employees' Retirement System of Rhode Island. |
| **Case Number** | No. 2024-232-M.P. |
| **Date Opinion Filed** | March 16, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Workers' Compensation Court |
| **Judicial Officer from Lower Court** | Associate Judge Alfredo T. Conte |
| **Attorney(s) on Appeal** | For Petitioner: <br><br> Michael A. St. Pierre, Esq. <br> For Respondent: <br><br> Michael P. Robinson, Esq. |